CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Owner/Requestor:
Capstone Studios Corp. et al.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re Subpoena<br><br>Internet subscribers of CenturyLink Communications, LLC | **Case No.:** 1:24-mc -72<br>(Copyright)<br><br>APPLICATION FOR 512(h) SUBPOENA |

APPLICATION FOR 512(h) SUBPOENA

TO: CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 17 U.S.C. § 512(h) (hereafter: "512(h)"), Capstone Studios Corp.; Ralphie's Gym Membership, LLC; Freedom Feature Ltd; Estate Movie Productions Inc.; Maze Pictures Projects UG & Television Co. KG; Silent Night Productions Inc.; Sympathy FTD, LLC; Boy Kills World Rights, LLC; Breathe Productions Inc.; and Black Lotus Europe B.V. (collectively "Owner") hereby apply for issuance of a

1

20-023F7

subpoena to CenturyLink Communications, LLC (the service provider) to identify the alleged infringers of Owner's Copyright protected motion pictures as listed in Exhibit "1".

512(h) provides the copyright owner with a mechanism to request a subpoena from this Court. Particularly, 512(h)(1) provides:

(1) Request.—

A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

As stated in the Declaration of Counsel, the undersigned represents the Owner of the Copyright protected subject matter.

512(h)(2) provides:

(2) Contents of request.—The request may be made by filing with the clerk—

(A) a copy of a notification described in subsection (c)(3)(A);

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

The undersigned provided a representative copy of the notifications described in subsection (c)(3)(A) [*See* Exhibit "2"], a proposed subpoena and the sworn declaration.

512(h)(3) provides:

2

20-023F7

(3) Contents of subpoena.—

The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

The proposed subpoena is in accordance with 512(h)(3).

512(h)(4) provides:

(4) Basis for granting subpoena.—

If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

As the undersigned has provided the notification, the proposed subpoena in proper form, and the properly executed declaration, the clerk must issue and sign the proposed subpoena. 512(h)(4) provides that *the Clerk*, not a Judge should issue and sign the proposed subpoena.

512(h)(6) provides that "…the procedure for issuance and delivery of the subpoena…shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum". That is, 512(h)(6) provides that the procedures for the Rule 45 subpoena shall govern. The proposed subpoena is a Rule 45 subpoena.

The DC Circuit has determined that a subpoena under 512(h) "may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity." *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003) ("*Verizon*"). The Eighth Circuit adopted the reasoning of the DC Circuit and concluded that 512(h) only applies to ISPs that directly store, cache, or provide links to infringing material. *See In re Charter Communications, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005). The District of Hawaii also agreed with the reasoning of *Verizon* and *Charter* in *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC & Coxcom LLC.*, No. 23-00426 JMS-WRP, 2024 U.S. Dist. LEXIS 16348 (D. Haw. Jan. 30, 2024)[1].

Both the *Verizon* and *Charter* decisions turned on the conclusion that the notification described in subsection (c)(3)(A) could not be applied to an ISP that acts as a conduit. The Tenth Circuit has not yet concluded whether 512(h) applies to ISPs that function as a conduit for infringing material. However, the Fourth Circuit concluded that notifications similar to those described in subsection (c)(3)(A) were sufficient to trigger an ISP's loss of the DMCA safe harbor. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 300 (4th Cir. 2018).

---

[1] One of the Petitioners in *Cox* has appealed this decision to the Ninth Circuit. Accordingly, it is not a final decision.

4

20-023F7

Broadband technology has changed significantly in the two decades since the *Verizon* and *Charter* decisions. Service providers offer services that were not even conceived of at the time of *Verizon* such as public WiFi based upon placing routers in homes of private users. Some service providers engage in "deep packet inspection" to inspect packets in transit to users to protect their networks or even generate advertisements based upon user data consumption. Service providers can use null routing, website blocking and/or BitTorrent filtering to disable access to ongoing activity. The P2P application in Verizon was not BitTorrent but the defunct app "KaZaA". *Verizon*, 351 F.3d at 1229. Accordingly, Owner respectfully submits that the Tenth Circuit would likely conclude that 512(h) does also apply to ISPs that act as a conduit to infringing material.

Moreover, both the *Verizon* and *Charter* decisions do not consider the information location tool section (§512(d)) in making their flawed conclusions that the underlying notification did not satisfy the 17 U.S.C. §512(c)(3)(A) notification requirement. The Notifications sent by Owner at least satisfy all requirements of §512(d)(3) by providing the identification of the reference or link (IP address 174.125.147.28; Port 46345), the material claimed to be infringing, the activity claimed to be infringing (sharing via BitTorrent) and information reasonably sufficient to permit the service provider to locate that reference or link (IP addresses) so that the ISP can disable access to the infringing material by, for example, null

5

20-023F7

routing the assigned IP address, filtering BitTorrent ports or blocking access to the piracy websites such as, for example, YTS.MX. Accordingly, Owner respectfully submits that the Tenth Circuit would likely conclude that 512(h) does also apply to ISPs that directly store, cache, or provide links to infringing material.

For these reasons, the undersigned request that the Clerk of the Court expeditiously issue and sign the proposed subpoena and return it to the undersigned via ECF to be served on the service provider.

DATED: Kailua Kona, Hawaii, July 9, 2024.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Owner/Requestor

20-023F7