IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-mc-00072-DDD-MEH

CAPSTONE STUDIOS CORP.,

    Petitioner,

v.

CENTURYLINK COMMUNICATIONS LLC,

    Respondent.

## ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge**.

    Before the Court is a Motion to Quash Subpoena filed by third-party Edna Campos. ECF 4. The Court finds that no response is required, *see* D.C.COLO.LCivR 7.1(d), and a hearing would not materially assist in resolution of the Motion. For the reasons stated below, the Motion is denied.

    This miscellaneous action concerns a subpoena issued to Respondent CenturyLink Communications, LLC ("CenturyLink") pursuant to the subpoena provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(h). Section 512(h) permits a copyright owner to request a subpoena be issued to an internet service provider to identify an alleged infringer. *Id.* In this matter, several copyright owners jointly applied for the issuance of a subpoena to CenturyLink to provide the subscriber information associated with a list of IP addresses allegedly engaged in copyright infringement of the owners' protected motion pictures. *See generally* ECF 1. The Clerk of Court issued the underlying subpoena on July 9, 2024. ECF 2.

    On September 3, 2024, Edna Campos, proceeding *pro se*, filed the instant Motion to Quash. ECF 4. Although she does not specify, the Court presumes Ms. Campos is one of CenturyLink's subscribers whose IP address is included in the underlying subpoena. In the Motion, Ms. Campos

asserts a single argument in support of her request that the Court quash the subpoena. She argues, "C.R.C.P Rule 45 requires that a subpoena to produce be served at least 14 days prior to the time that production is require," but she "was notified she was subject to a subpoena . . . on August 24, 2024," only eleven days before the subpoena's compliance deadline. ECF 4 at 1–2.

Ms. Campos's argument regarding Colorado Rule of Civil Procedure 45 is unavailing because the Colorado Rules of Civil Procedure are inapplicable to this matter. Federal courts apply federal, as opposed to state, procedural law. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts[.]"); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (noting cases removed to federal court "will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters"); *Everitt v. Brezzel,* 750 F.Supp. 1063, 1065 (D. Colo. 1990) ("Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure[.]"); *cf. Bank of St. Louis v. Morrissey*, 597 F.2d 1131, 1134–35 (8th Cir. 1979) ("The law is clear that the federal courts apply the Federal Rules of Civil Procedure in questions regarding pleadings, not state rules."). Thus, *Federal* Rule of Civil Procedure 45 governs the subpoena issued in this matter. That rule does specify a deadline for service of a subpoena in relation to the subpoena's deadline for compliance; it only requires that the subpoena allows "a reasonable time to comply." Fed. R. Civ. P. 45(d)(3). That Ms. Campos—who is not the respondent to the subpoena, only an interested third-party—received notice of the subpoena eleven days before the date when compliance was required is not a basis to quash the subpoena in this case. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:03-cv-00120, 2004 WL 6081220, at *4 (E.D. Tenn. Sept. 17, 2004) ("Thus, the mere fact that the subpoena provided only eleven days for compliance with the document request does not, in and of itself, render the subpoena objectionable."); *Bonzani v.*

2

*Shinseki*, No. 2:11-cv-00007, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014) ("Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory.").

Accordingly, Ms. Campos's Motion to Quash [ECF 4] is **denied**. Respondent CenturyLink Communications, LLC shall forthwith produce the information as required by the subpoena.

Dated and entered at Denver, Colorado, this 12th day of September, 2024.

BY THE COURT:

Michael E. Hegarty
Chief United States Magistrate Judge